IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEVI MICAH BARTER,**<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>**JERRY BROWN, Governor, et al.,**<br><br>　　　　　　　　　Respondents. | 1:14-cv-00007 MJS HC<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**<br><br>**(Doc. 1)** |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

　　　　A review of the petition reveals that the Court may lack jurisdiction over this action. Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361. It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g., Demos v. U.S. Dist.

1 Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

In this case, Petitioner appears to seek mandamus relief from this Court directed to the warden of Kern Valley State Prison, a state correctional institution, to process and answer his 602 grievance form within five days. Because Petitioner does not seek an order compelling action on the part of the United States or any federal agency, this Court lacks jurisdiction.

Petitioner shall show cause in writing why this action should not be dismissed. A failure to respond may result in dismissal of the action, both for the reason outlined above, as well as for lack of prosecution and failure to comply with court orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that within 30 days of the date of this order petitioner shall show cause in writing why this action should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   February 7, 2014              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE